Aug. 10, 1876. } LADD *v.* GALE AND TRUSTEE.

*Trustee process—Public officer.*

W., one of the fish commissioners, acting on behalf of the state, employed the defendant to perform certain services in aid of the business of the commission. The defendant's bill, with others, was handed to W., who presented it to the governor and council to be audited according to the statute; and having obtained the governor's warrant on the treasurer for the amount, procured a check from the latter officer, on which he received the money. In the absence of evidence that W. was acting as the private agent of the defendant in collecting his bill against the state —*Held*, that the facts shown did not amount to a payment of the bill by the state, and that W. could not be held as the trustee of the defendant.

FROM BELKNAP CIRCUIT COURT.

FOREIGN ATTACHMENT. The trustee disclosed the following facts: At the time of the service of the writ upon him in this action he was and still is one of the fish commissioners of this state ; that, in the exercise of the supposed functions of his office, he, as one of said commissioners, engaged the services of said principal defendant as counsel in cases of violation of the fish laws, and also appointed several fish wardens.

After the principal defendant and wardens had performed their services, they separately made out their bills for the same against the fish commissioners, and gave them to Wadleigh. Wadleigh presented

said bills to the governor and council to be audited and allowed, which was done, and the governor drew his warrant on the treasury for the total of all the bills, with directions to said Wadleigh to leave the bills on file with the treasurer, which was done. Said Wadleigh received a check for the amount of the warrant, and gave his receipt therefor, and afterwards received the money on said check; and while this money was in his hands, the service in this action was made upon him.

Mr. Wadleigh did not so employ the defendant at his own private cost.

It was ordered by RAND, J., C. C., that the questions arising upon the foregoing case be transferred to this court for determination.

*Jewell*, for the plaintiff.

*Gale*, for the trustee.

LADD, J. The statement of facts is somewhat meagre. It appears, however, that the defendant was not employed by Wadleigh at his own private cost, and that the bill for his services was recognized and admitted by the governor and council as one which the state was bound to pay. It certainly follows that, up to the time Wadleigh obtained the funds from the state treasurer on the governor's warrant, he owed the defendant nothing, and could not be held as his trustee.

Was the defendant's claim against the state paid and discharged when the treasurer's check was handed over to Wadleigh? That depends upon whether Wadleigh was acting as the private agent of the defendant and the fish wardens in collecting their bills against the state, or whether he was acting in the matter in his official capacity, and in that capacity was entrusted with the funds of the state to pay for services rendered the state by his procurement, and in aid of the business of his office. Upon the facts stated, I am inclined to think the latter view is the correct one, and that the trustee must be discharged.

CUSHING, C. J. It is incumbent on the plaintiff to make out his case against the trustee, and in this case to make it more probable than otherwise that the money in his hands is the money of the principal defendant. I cannot see the evidence of this fact. I see nothing which tends to show that the trustee acted as the agent of the principal defendant. I infer that it was part of his official duty as commissioner to receive this money and pay it over to the principal defendant, and that until this is done the claim against the state will not be discharged.

It appears that this trustee cannot be charged.

SMITH, J. I am of the same opinion. Upon the facts stated, Wadleigh appears to have acted in his official capacity in receiving the funds from the state.

*Trustee discharged.*